# Application of the Ineligibility Clause

The Ineligibility Clause of the Constitution would not bar the appointment of Representative Bill Richardson to serve as United States Ambassador to the United Nations or of Senator William Cohen to serve as Secretary of Defense.

December 31, 1996

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether the Ineligibility Clause, U.S. Const. art. I, §6, cl. 2, would forbid the appointment of Representative Bill Richardson as United States Ambassador to the United Nations or of Senator William Cohen as Secretary of Defense. The Ineligibility Clause provides that

> No Senator or Representative shall, during the Time for which he was elected, be appointed to any civil Office under the Authority of the United States, which shall have been created, or the Emoluments whereof shall have been encreased during such time . . . .

We believe that the Clause would not bar either appointment.

Representative Richardson entered Congress on January 3, 1983; has served continuously since then; and recently won election to the 105th Congress. The President has announced his intention to nominate Representative Richardson to be United States Ambassador to the United Nations. *See* 22 U.S.C. §287(a).

The President sets the salary of the Ambassador to the United Nations, at an amount not to exceed the rate of pay for chiefs of mission. *Id.* §287(g). Chiefs of mission may receive pay up to the amount for Level II of the Executive Schedule (and may receive total compensation up to the amount for Level I). *Id.* §3961(a). The salary of the current Ambassador equals the pay for Executive Level II — the statutory maximum. At least one prior Congress in which Representative Richardson was serving voted to increase the pay for the Executive Levels and thus to raise the ceiling on the salary for the position. *See* Pub. L. No. 101–194, §703(a)(1), 103 Stat. 1716, 1768 (1989). Furthermore, during his first term, the President increased the salary for the current Ambassador. We assume that the 105th Congress will not enact any further increase before Representative Richardson would be appointed, and we understand that the President's annual order about pay in the executive branch, which will be issued shortly, will not increase the pay for the Executive Levels.

Only increases during the 105th Congress, and before Mr. Richardson's appointment, could be disqualifying. The Ineligibility Clause identifies, as the disqualifying event, an increase "during the Time for which [the Member of Congress] was elected." In 1922, President Harding sought Attorney General Daugherty's

opinion whether the Ineligibility Clause blocked the appointment of Senator William S. Kenyon as United States Circuit Judge because there had been a salary increase during Senator Kenyon's prior term. An Act of Congress had increased judicial salaries on February 25, 1919, while Senator Kenyon was serving a term that expired on March 4, 1919. On March 4, he began another term as Senator, to which he had been elected in 1918. Attorney General Daugherty concluded that the Ineligibility Clause covers only increases during the term that a Member of Congress is currently serving and that the salary increase during Senator Kenyon's prior term did not stand in the way of his appointment. 33 Op. Att'y Gen. 88 (1922). [1] Thus, any increases voted by past Congresses, or ordered by the President during past Congresses, would not bar Representative Richardson's appointment. (Under the circumstances here, we need not decide whether it is the action of Congress in raising the ceiling or of the President in dictating the pay that is the relevant "encrease[]" under the Ineligibility Clause.) Moreover, any increases that might take place after Mr. Richardson's appointment would not implicate the Ineligibility Clause, which is a bar to appointment when emoluments "shall have been encreased" and thus "on its face plainly shows an intention of preventing an appointment only when an increase in the emoluments of an office precedes an appointment to that office." *Constitutional Law—Article I, Section 6, Clause 2—Appointment of Member of Congress to a Civil Office,* 3 Op. O.L.C. 286, 288 (1979).

Senator Cohen did not seek reelection and thus will cease to be a member of the Senate when the new Congress convenes. He therefore would not be appointed "during the Time for which he was elected," and his appointment would not be within the prohibition of the Ineligibility Clause, no matter what increases in the salary for Secretary of Defense may have been enacted while he was in the Senate. *See, e.g.,* Memorandum for William P. Rogers, Deputy Attorney General, from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel, *Re: Qualification as Member of the Subversive Activities Control Board* (May 18, 1953).

CHRISTOPHER SCHROEDER
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[1] We have noted that "appointment of a Member of Congress to an office created by some previous Congress, of which he was also a member, has not been considered to be within the prohibition of the Constitution. Numerous such appointments have been made in the past." Memorandum for Files, from Norbert A. Schlei, Assistant Attorney General, Office of Legal Counsel, *Re: Effect Upon the Judicial Appointment of a Former Congressman of a Judicial Salary Increase, Enacted by the Congress from Which He Has Resigned* at 2 (Dec. 12, 1963). *See also* Memorandum for the Attorney General, from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel, Untitled (Sept. 1, 1954).

ISBN 0-16-050772-3

9 780160 507724

90000